UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWNDELL BRYANT,<br><br>                    Petitioner,<br>        v.<br><br>DWIGHT NEVEN, et al.,<br><br>                    Respondents. | Case No. 2:12-cv-00348-MMD-GWF<br><br>ORDER |

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 5), respondents' motion to dismiss (dkt. no. 13), petitioner's opposition (dkt. no. 17), and respondents' reply.  The Court finds that petitioner has not exhausted his available state-court remedies for part of one ground, and the Court grants the motion in part.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

After a jury trial in state district court, petitioner was convicted of attempted murder with the use of a deadly weapon, discharging a firearm out of a motor vehicle, and discharging a firearm at or into a structure, vehicle, aircraft, or watercraft. Ex. 13.[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 17. Petitioner then filed in state district court a post-conviction habeas corpus petition. Ex. 23. The state district court appointed counsel and held an evidentiary hearing. Ex. 31. The state district court denied the petition. Ex. 32. Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 34. Petitioner then commenced this action.

Petitioner presents three grounds for relief, and respondents have subdivided the grounds. The Court will use respondents' subdivisions.

Respondents first argue that ground 1(a) is not exhausted. Petitioner claims that trial counsel provided ineffective assistance because he did not file a pre-trial habeas corpus petition or other motion after petitioner's case was bound over for trial. In his state habeas corpus petition, petitioner claimed that counsel should have filed a pre-trial

---

[1] Exhibits are attached to respondents' motion to dismiss (dkt. no. 13).

habeas corpus petition or other motion because the victim of the attempted murder did not testify at the preliminary hearing. Ex. 23, at 7(b). In his federal petition, petitioner argues the same reason, along with some other reasons, why counsel should have filed a pre-trial habeas corpus petition. Petition, at 3-3(a) (dkt. no. 5). At the evidentiary hearing, trial counsel testified on cross-examination that he did not file a pre-trial motion because the chances of prevailing would have been slim, even with the confusing testimony at the preliminary hearing. Ex. 31, at 15. On appeal, petitioner argued that trial counsel should not have rushed to trial in the hopes of exploiting possibly confusing trial testimony. *Bryant v. State*, No. 58232, Fast Track Statement, at 9.[2] The state then explicitly argued why trial counsel's decision not to pursue a pre-trial writ was strategic and not ineffective assistance. *Id.*, Fast Track Response, at 8-9. The issue was presented to the Nevada Supreme Court, and ground 1(a) is exhausted.

Respondents next argue that ground 2(b) is unexhausted. In ground 2(b), petitioner claims that trial counsel "failed to defend [petitioner] from being convicted of Attempt Murder w/ Use of a Deadly Weapon." Petition, at 5 (dkt. no. 5). The Court does not agree with petitioner that he raised the same claim in his state habeas corpus petition. In the state petition, petitioner claimed that trial counsel "show[ed] no real attempt to defend his client from being bound over to District Court." Ex. 23, at 7. The claim has changed from counsel failing to defend petitioner at the *preliminary hearing* to counsel failing to defend petitioner at *trial*. That change in facts fundamentally alters the claim, and ground 2(b) is unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

Respondents next argue that ground 3(c) is unexhausted. The victim of the attempted murder did not testify at trial. The prosecution presented a recording of a 911

---

[2]Respondents did not submit as exhibits the fast track statement and fast track response in petitioner's state habeas corpus appeal. The Court found these documents in the on-line docket of the Nevada Supreme Court, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=26381 (last visited February 25, 2013).

3

telephone call, in which the victim spoke for a short time.  Petitioner claims that the prosecution failed to show that the victim actually was unavailable before being allowed to admit the 911 recording into evidence.  Petitioner presented the same claim on direct appeal.  Ex. 15, at 9-10.  The Nevada Supreme Court ruled:

> Second, Bryant contends that the district court abused its discretion by admitting a 911 call recording containing hearsay statements made by the victim despite the unavailability of the victim to testify at trial and the State's limited representations as to why the victim was unavailable.
>
> "The Confrontation Clause limits the state's ability to use hearsay as evidence in criminal trials when the hearsay declarant [is unavailable to] testify." *Franco v. State*, 109 Nev. 1229, 1239, 866 P.2d 247, 253 (1993).  If the hearsay is testimonial, it is barred by the Confrontation Clause unless the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004).  If the hearsay is nontestimonial, it must be excluded unless it falls within a firmly rooted hearsay exception or possesses particularized guarantees of trustworthiness.  *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), *abrogated on other grounds by Crawford*, 541 U.S. at 68-69; *see Gaxiola v. State*, 121 Nev. 638, 646, 119 P.3d 1225, 1231 (2005) (observing that *Crawford* does not overrule the test in *Roberts* as it applies to nontestimonial hearsay).
>
> Here, Bryant has not shown that the statements that the victim made during the 911 call were testimonial, he has not shown that the exceptions to the hearsay rule did not apply, and he has not provided the 911 call recording in the record on appeal.  "It is the appellant's responsibility to provide the materials necessary for this court's review." *Jacobs v. State*, 91 Nev. 155, 158, 532 P.2d 1034, 1036 (1975); *see also* NRAP 30(b)(3).  Because Bryant has failed to address these threshold issues and provide us with an adequate record, we decline to reach the issue of the victim's unavailability and we conclude that Bryant is not entitled to relief.

Ex. 17, at 3-4.  The Court agrees with respondents.  Petitioner did not provide the Nevada Supreme Court with the record needed for that court to make a decision on the issue.  In his fast track statement, petitioner did not quote from the transcript of the 911 call.  *See* Ex. 15, at 8-9.  Petitioner presented the claim to the Nevada Supreme Court in a procedural context in which that court would not consider the merits of the claim.  *Castille v. Peoples*, 489 U.S. 346, 351.  Ground 3(c) is not exhausted.

///

///

///

///

4

Petitioner incorrectly argues that the court can excuse the failure to exhaust pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a *procedural default* will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320 (emphasis added). Procedural default is not the issue now. Rather, the failure to exhaust is the issue. Procedural default might become an issue if petitioner returns to the state courts and if the state courts do not consider the unexhausted grounds for state-law reasons. Then, *Martinez v. Ryan* might apply, but such a determination now would be premature.

The petition (dkt. no. 5) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 2(b) and 3(c) and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 2(b) and 3(c), or he may move to stay this action while he returns to state court to exhaust grounds 2(b) and 3(c). If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner has filed an application to proceed *in forma pauperis* (dkt. no. 10). This motion is moot because petitioner has paid the filing fee.

Petitioner has filed a motion for appointment of counsel (dkt. no. 11). Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the

5

merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition (dkt. no. 5), the Court concludes that appointment of counsel is not warranted in this case.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (dkt. no. 13) is GRANTED in part with respect to grounds 2(b) and 3(c).

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this Court in a sworn declaration that he wishes to dismiss grounds 2(b) and 3(c) of his petition (dkt. no. 5), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his petition (dkt. no. 5) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 2(b) and 3(c) of his petition (dkt. no. 5), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 2(b) and 3(c) of his petition (dkt. no. 5). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (dkt. no. 5) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

///
///
///
///

1  IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED THIS 27th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE